

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   *(503) 727-1000*
*Portland, OR 97204-2902*            *Fax (503) 727-1117*

October 7, 2013

Lisa Hay
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

      Re:    *U.S. v. Richard Tietjens*, 3:13-CR-00111-BR
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Counts 1 and 5 of the Indictment, in which he is charged with transportation of child pornography in violation of Title 18, United States Code, Section 2252A(a)(1) (Count 1), and possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count 5).

3.    **Penalties**:  The maximum sentence for Count 1 is 20 years' imprisonment, a mandatory minimum sentence of five years imprisonment, a fine of $250,000, five years of supervised release, and a $100 fee assessment.  The maximum sentence for Count 5 is 10 years' imprisonment, a fine of $250,000, five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $200 fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done.  *Defendant will also be required to register as a sex offender as set forth more fully below.*  In addition, defendant may be liable for mandatory restitution pursuant to Title 18, United States Code, Section 2259, and certain assets seized from his residence, described below, are subject to forfeiture pursuant to Title 18, United States Code, Section 2253.  Defendant understands that the statutory mandatory minimum sentence may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three (3) business

Lisa Hay
Re:  Richard Tietjens Plea Letter
Letter - Page 2

_____

days following any change of name, residence, employment, or student status.  Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant arising out of this investigation, known to the USAO at the time of this agreement.  The USAO also agrees not to bring additional charges against the defendant for possession, receipt, distribution, or transportation of child pornography that may be discovered when law enforcement completes a forensic examination of digital evidence seized from defendant's residence on or about March 11, 2013.  Nothing in this agreement bars the USAO from pursuing additional charges against defendant relating to *production* of child pornography, including solicitation or aiding and abetting the production of child pornography, *enticement* of any minor for unlawful sexual purposes, the *sexual abuse* of any minor by defendant, or any other crime of violence not excepted above, should any such evidence be discovered during the forensic examination of the digital evidence seized from defendant's residence in March 2013.

6.  **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**:  **Except as noted by * below,** the parties agree that defendant's relevant conduct under U.S.S.G. §§ 1B1.3 and 2G2.2 should result in the following advisory Sentencing Guideline range, prior to adjustments discussed in Paragraphs 8 and 9 below:

| | | |
|---|---|---|
| Base Offense Level [§ 2G2.2(a)(2)] | -- | 22 |
| Material depicting prepubescent minors [§ 2G2.2(b)(2)] | -- | +2 |
| Distribution for receipt of a thing of value, not money [§ 2G2.2(b)(3)(B)] | -- | +5* |
| Material depicting sadistic or masochistic conduct [§ 2G2.2(b)(4)] | -- | +4 |
| Use of a computer [§ 2G2.2(b)(6)] | -- | +2 |
| More than 600 images [§ 2G2.2(b)(7)(D)] | -- | +5 |
| **Adjusted offense level (prior to reduction for acceptance of responsibility and any variance under 18 U.S.C. § 3553)** | -- | **40*** |

*Defendant is free to argue that he did not distribute the images for receipt of anything of value, and that he should only receive a two-level enhancement under Section 2G2.2(b)(3).  Defendant understands that regardless of the Court's determination of the Sentencing Guideline range, or any adjustments discussed below, the Court cannot

sentence defendant below the five (5) year statutory mandatory minimum.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level** reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Variances Under 18 U.S.C. § 3553(a)**: Considering all of the factors under 18 U.S.C. § 3553(a), including defendant's pre-indictment confession, his voluntary consent in December 2011 to the search and use of his email account, mystery_daddy@yahoo.com, his consent in March 2013 to the seizure of digital evidence from his residence, and temporary consent to the search of that evidence, as well as his re-issuance of consent to search that evidence as a part of this plea agreement, and other factors, including defendant's timely guilty plea prior to the filing of any pretrial motions, the government agrees to recommend a **four-level** variance under 18 U.S.C. § 3553(a).

10. **Low End Range**: In exchange for defendant's agreements herein, the USAO agrees to recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Additional Departures, Adjustments, or Variances**:

   A. Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

   B. Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court

Lisa Hay
Re: Richard Tietjens Plea Letter
Letter - Page 4

---

arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Abandonment and Forfeiture of Property**:

    A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily abandons and forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including the assets listed below, which defendant admits constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity, in violation of 18 U.S.C. §§ 2252A (a)(1) and (a)(5)(B) as set forth in Counts 1 and 5 of the Indictment:

a. A black generic tower-type server, including eight hard drives:

- Seagate hard drive, Model ST31500341AS, serial number 9VS1L05B;
- Samsung hard drive, Model HD154UI, serial number S2CHJR0ZA00059;
- Seagate hard drive, Model ST380011A, serial number 4JS2DWQV;
- Western Digital hard drive, Model WD8000AARS, serial number WCAV5F421627;
- Western Digital hard drive, Model WD5000ADS, serial number WMAV511022315;
- Western Digital hard drive, Model WDG400AAKS, serial number WMASY1840235;
- Samsung hard drive, Model HD154VI, serial number S24EJR0Z400429; and
- Western Digital hard drive, Model WD8000AARS, serial number WCAV5F460380;

Lisa Hay
Re: Richard Tietjens Plea Letter
Letter - Page 5

---

b.  A blue and grey Dell tower-type server, Model WHL, serial number 8L7KZ51, including six hard drives:

- Western Digital hard drive, Model WD8000AARS, serial number WCAV57587760;
- Western Digital hard drive, Model WD3000GLES, serial number WXL408740311;
- Western Digital hard drive, Model WD800JD, serial number WMAM9T237888;
- Western Digital hard drive, Model WD800JD, serial number WMAM9R922819;
- Maxtor hard drive, Model Maxline II, serial number A82YVLNE; and
- Maxtor hard drive, Model DiamondMax 16, serial number A817HORE; and

c.  A black generic tower-type computer, including four hard drives:

- Western Digital 640 GB hard drive, Model WD6400AAKS, serial number WMASY1843228;
- Seagate 250 GB hard drive, Model ST3250824AS, serial number 5ND5M0CX;
- Seagate 250 GB hard drive, Model ST3250824AS, serial number 5ND5KQRQ; and
- Western Digital 250 GB hard drive, Model WD2500YS, serial number WCANY2830484.

B.  **Abandonment of Additional Assets**: In exchange for the government's promises herein, defendant knowingly and voluntarily abandons all interest in the digital evidence seized from his residence by the Dundee-Newberg Police Department on or about March 11, 2013, whether or not such evidence contains images of child pornography or is otherwise subject to forfeiture under 18 U.S.C. § 2253.

C.  **Agreement to Civil Forfeiture**: Defendant agrees to not file a claim or to withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

D.  **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

E.  **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any

Lisa Hay
Re: Richard Tietjens Plea Letter
Letter - Page 6

---

assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

      F.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

17.    **Restitution**: Defendant understands that he may be liable for mandatory restitution pursuant to 18 U.S.C. § 2259. Defendant is free to challenge the amount and proximate cause of any claims submitted to the Court.

18.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**: This plea offer expires if not accepted by October 18, 2013 at 5:00 p.m.

                                                                   Sincerely,

                                                                   S. AMANDA MARSHALL
                                                                   United States Attorney

                                                                   *[signature]*

                                                                  JANE SHOEMAKER
                                                                  Assistant United States Attorney

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

10-11-13
Date

                                                             Defendant RICHARD TIETJENS

Revised 02/03/10

Lisa Hay
Re:   Richard Tietjens Plea Letter
Letter - Page 7

---

    I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/11/13
Date

LISA HAY, Assistant Federal Public Defender
Attorney for Defendant Richard Tietjens

Revised 02/03/10